HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* F. CARRERA & BRO., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1402.—Decided May 17, 1916.

COMPLAINT—DAMAGES—OBLIGATION—DEMURRER.—When, as in this case, the facts alleged in the complaint do not show that the defendant was under any obligation to the plaintiff, a demurrer on the ground that the facts alleged in the complaint do not constitute a cause of action for damages should be sustained.

ID.—AMENDMENT—ADDITIONAL FACTS.—When an original complaint has been dismissed on the ground that the facts alleged therein did no constitute a cause of action and the plaintiff fails to indicate in what manner it could be amended in order to state a cause of action, or to file any brief setting out additional facts upon which to base a tenable theory of his case against the defendant after having had sufficient time to file said amendment or make some motion to the court, he cannot be heard to plead that he was not given an opportunity to amend the said complaint.

ID.—ATTORNEY FEES—COSTS AND DISBURSEMENTS—TEMERITY—DEMURRER.—When the temerity of a plaintiff is obvious and the amount claimed exceeds five hundred dollars, under section 327 of the Code of Civil Procedure as amended in 1908 the court may impose upon the plaintiff the disbursements and attorney fees in addition to the costs, notwithstanding the fact that the demurrer prays only for the dismissal of the complaint "with costs."

COSTS AND DISBURSEMENTS—DEMURRER.—The fact that in a demurrer the defendant uses the general formula "with costs" does not imply that orally at the trial or otherwise he did not ask to be allowed disbursements and attorney fees.

ID.—TRAVELING EXPENSES.—Traveling expenses for appearing before the supreme court should not be allowed in a memorandum of costs as they are not authorized by law.

The facts are stated in the opinion.
The appellant appeared *pro se.*

The appellees did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This case is related to others decided by this court, namely, *Hernández* v. *F. Carrera & Brother et al.,* 22 P. R. R. 502, and *Hernández* v. *Benet et al., ante* p. 6.

The complaint is the same in all and was filed by Agustín Hernández Mena against F. Carrera & Brother and José Benet in an action for damages. Defendant Benet demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment having been entered, Hernández Mena appealed therefrom to this court, which considered the case and all the facts alleged in the complaint and concluded that the demurrer was properly sustained "in the absence of any allegation of facts showing that defendants F. Carrera & Brother were ever at any time under any obligation whatsoever to plaintiff, appellant, or that the property attached in fact belonged to him, or that plaintiff, appellant, had, in fact, suffered any damage whatsoever by reason of the attachment levied at the instance of defendant Benet," *Hernández* v. *Benet et al., ante* p. 6.

The other defendants, F. Carrera & Brother, were adjudged in default, but the default was opened on their motion. Hernández Mena appealed and this court dismissed the appeal. *Hernández* v. *F. Carrera & Brother et al.,* 22 P. R. R. 502. Said defendants also demurred to the complaint on the ground that the facts alleged therein did not constitute a cause of action and the court sustained the demurrer. At the hearing on said demurrer plaintiff Hernández Mena moved that he be given time to amend the complaint in case the court should decide in favor of the defendants. The court overruled the motion because "said plaintiff did not indicate in what manner he could further amend his complaint in order to be able to set up a cause of action, or file any brief setting out additional facts upon which to base a tenable theory of his case against defendants F. Ca-

rrera & Brother; consequently the plaintiff has had sufficient time since the Supreme Court rendered judgment on July 23, 1915, to file said amendment or make some motion to the court, and the plaintiff knew that this court had ruled on this demurrer and had rendered judgment previously in favor of F. Carrera & Brother, which it had to set aside in order to comply with a statutory requirement.''

Therefore we have to consider and decide two questions. First, whether the facts alleged in the complaint are sufficient to constitute a cause of action against F. Carrera & Brother. Second, whether the court erred in overruling the motion of the plaintiff for leave to amend the complaint.

The first question was decided impliedly by this court in disposing of the appeal in the case of *Hernández* v. *Benet et al., supra*. Applying now the same reasoning set out in the opinion on which this court based its judgment in that case, we must hold that the demurrer of defendants F. Carrera & Brother was properly sustained.

As to the second question, we will say that we consider the reasons of the trial court for refusing to grant leave to amend to be sufficient. The attitude assumed by the court is also sustained by the jurisprudence laid down in the said case of *Hernández* v. *Benet el al., supra*.

The appellant contends also that he should not have been adjudged to pay the costs or the attorney's fees. The appellant is wrong. His temerity was obvious. The amount in litigation exceeded $500 and although the demurrer prayed only that the complaint be dismissed ''with costs,'' the court could impose upon the plaintiff the disbursements and attorney fees in addition to the actual costs. A perusal of section 327 of the Code of Civil Procedure, as amended in 1908, is sufficient to justify that conclusion. Besides, the fact that the demurrer contained the general formula ''with costs'' does not imply that the defendants, either orally at the trial or otherwise, did not ask to be allowed the disbursements and attorney fees.

Together with the appeal from the judgment there was filed an appeal from the order approving the memorandum of costs.

The defendants filed their memorandum of costs containing nine items, amounting to $276. The plaintiff objected to all except the first item. The order of the court as it appears in the transcript of the record shows that the judge ordered items 1, 2, 3 and 9, "each for $1.25," to be stricken out, because they were waived by the attorney for the defendants, and approved the others, adjudging that the plaintiff pay to the defendants the sum of $271. The statement that the first item was stricken out must be an error. As we have said, that was the only item to which the plaintiff made no objection. Moreover, the court stated that the items stricken out were of $1.25 each, and, as a matter of fact, the only items of $1.25 in the memorandum are Nos. 2, 3, 4 and 9, whereas item 1, for secretary's fees, amounts to $5. Finally, the amount for which the court gave judgment totalled $271, or $5 less than what was claimed, and the sum of the four items of $1.25 which were stricken out is equal to that amount.

The appellant contends that the items of $15 and $250, "for expenses and attorney fees for appearing before this Supreme Court" respectively, should be eliminated because they are not authorized by law. From the memorandum it is shown only that the item of $15 was incurred in connection with the appeal to this court. The attorney fees are claimed generally and there is nothing to show definitely that any claim for professional services before this court was made or allowed; for which reason the cases cited by the appellant are inapplicable. As to the traveling expenses, inasmuch as it is clearly stated that they were incurred as a consequence of the appeal to this court, they should be stricken out because there is no law which sanctions the imposition of costs and disbursements in such cases. See the following decisions of this court on this point: *Vázquez et al.* v. *Vázquez et al.*,

15 P. R. R. 273; *Martínez* v. *Pagán, López & Co.,* 17 P. R. R. 582; *J. Ochoa y Hermano* v. *Succession of Lanza et al.,* 17 P. R. R. 701.

In view of all the foregoing, we are of the opinion that the judgment appealed from should be affirmed and the order approving the memorandum of costs, also appealed from, modified by excluding the said item of $15.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.